EASTLAND et ux. v. UNITED STATES.

COOK v. UNITED STATES.

SMITH et ux. v. UNITED STATES.

Civ. Nos. 1133, 1134, 1136.

United States District Court
W. D. Texas, Waco Division.

Dec. 11, 1951.

Dorothy Ann Kinney, Amarillo, Tex., for plaintiff.

Charles F. Herring, U. S. Atty., San Antonio, Tex., Bradford F. Miller, Asst. U. S. Atty., San Antonio, Tex., for defendant.

RICE, Chief Judge.

## Findings of Fact and Conclusions of Law

The motions of the plaintiffs for judgment on the pleadings in the above consolidated cases having been considered by the court, the court hereby makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. All of the plaintiffs are residents of Waco, Texas. Plaintiff G. M. Smith is employed in Dallas, Texas.

2. On or before March 15, 1946, each of the plaintiffs filed an individual income tax return for the calendar year 1945 and paid the income taxes shown as due thereon, as follows:

|  | Amount of Income Taxes | Collector of Internal Revenue to whom paid |
|---|---|---|
| W. D. Eastland | $4,324.45 | First, Texas |
| Myrtle Eastland | 4,324.45 | First, Texas |
| Noema E. Cook | 8,636.33 | First, Texas |
| G. M. Smith | 3,275.06 | Second, Texas |
| Emmabell Smith | 3,085.06 | Second, Texas |

3. On March 14, 1949, each of the plaintiffs filed with the Collector of Internal Revenue to whom their 1945 income taxes had been paid a claim for refund for the year 1945 in the following amount, or such other amount as might be due, together with interest thereon:

| W. D. Eastland | $2,481.93 |
|---|---|
| Myrtle Eastland · | 2,481.93 |
| Noema E. Cook | 6,173.56 |
| G. M. Smith | 2,168.07 |
| Emmabell Smith | 2,108.07 |

4. All of the claims for refund were based upon, and set forth as grounds for refund, the failure of the plaintiffs to claim any part of the ordinary loss sustained by them because of their payment in 1945 of deficiencies, together with accrued interest, assessed against them as transferees of Texas Sand and Gravel Company, a dissolved corporation.

5. Each of the plaintiffs were stockholders in the Texas Sand and Gravel Company on April 30, 1943, the time of its dissolution. Plaintiffs W. D. Eastland and G. M. Smith each owned one-fourth of the company's stock in community with their wives. Noema E. Cook owned one-fourth of the company's stock individually. Each of the plaintiffs received the same percentage of the company's assets upon its dissolution. The total net value of the company's assets at the time of their distribution to the stockholders was determined to be $170,816.

6. On November 11, 1944, it was determined by duly authorized agents of the defendant that the Texas Sand and Gravel Company owed a total deficiency of $42,799.50 in income, excess profits, and declared value excess profits taxes for 1941, 1942, and the fiscal year ended April 30, 1943.

7. As transferees of the Texas Sand and Gravel Company the plaintiffs paid in 1945 the following amounts of the deficiency, and accrued interest thereon, which had been determined to be due by the dissolved corporation:

|  | Deficiency | Interest |
|---|---|---|
| W. D. Eastland | $10,699.87 | $1,920.86 |
| Noema E. Cook | 10,699.88 | 1,920.86 |
| G. M. Smith and Wife | 10,699.87 | 1,920.86 |

The remaining portion of the deficiency, together with interest thereon, was paid by a fourth stockholder, Roy P. Eastland, Sr., who has filed a similar refund suit in the Northern District of Texas.

8. The amount of the deficiency paid was not known at the time of the dissolution of the Texas Sand and Gravel Company, nor was it taken into consideration by the duly authorized agents of the defendant in determining the net worth of the corporation at the time of its dissolution. ·

9. All of the plaintiffs employed the cash basis method of accounting and filed their income tax returns on a calendar year basis for 1945.

10. The claims for refund were duly investigated by an agent of the defendant. As a result of such investigation, it was determined that the plaintiffs had overpaid their income taxes for 1945 in the following amounts:

| | |
|---|---|
| W. D. Eastland | $ 707.08 |
| Myrtle Eastland | 707.08 |
| Noema E. Cook | 1,242.68 |
| G. M. Smith | 850.89 |
| Emmabell Smith | 830.89 |

The defendant determined that the deficiencies paid by the plaintiffs as transferees should be treated as capital losses, limited in accordance with the provisions of Section 117 of the Internal Revenue Code, 26 U.S.C.A. § 117. The interest paid by the plaintiffs as transferees was allowed in full as business expense deductions. Other adjustments were made which are not involved in this suit. Refunds of said amounts together with statutory interest have been made to plaintiffs.

11. At the time the complaints were filed, the plaintiffs had not received the statutory notices of disallowance by registered letter of the balance of their claims for refund for 1945, and more than six months had elapsed since the claims were filed.

12. All the plaintiffs reported as a capital gain in 1943 the share they received as a result of the dissolution of the Texas Sand and Gravel Company.

Conclusions of Law

1. This court has jurisdiction of the parties and of the subject matter.

2. The plaintiffs sustained ordinary losses deductible in full in 1945 through their payment of the deficiencies, together with accrued interest thereon, assessed against them as transferees of Texas Sand and Gravel Company, a dissolved corporation.

3. The plaintiffs are entitled to judgments in the following amounts, together with interest thereon, and costs as provided by law:

| | |
|---|---|
| W. D. Eastland | $1,647.64 |
| Myrtle Eastland | 1,647.64 |
| Noema E. Cook | 4,645.63 |
| G. M. Smith | 1,205.40 |
| Emmabell Smith | 1,165.40 |